**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VINTON HAWKINS and DIANE HAWKINS, Co-Trustees of THE HAWKINS FAMILY TRUST,<br><br>        Plaintiffs,<br><br>vs.<br><br>SANDRA ADAMS, et al.,<br><br>        Defendants. | 3:15-cv-00516-HDM-VPC<br><br>ORDER |

    This action was removed from state court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. There is no federal question jurisdiction. Before the court is plaintiffs' motion to remand (#7). Defendant Sandra Adams has opposed the motion (#10) and plaintiffs have replied (#11).

    Removal jurisdiction under 28 U.S.C. § 1441 gives United States district courts original jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Section 1332(a) provides United States district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or

1

value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1446(c) provides that removal under section 1332(a) is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B). Courts strictly construe the removal statute, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Because of the "'strong presumption' against removal jurisdiction . . . the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). To meet this burden, the removing party must either demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks more than $75,000, or provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Conclusory allegations regarding the amount in controversy are insufficient. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

Plaintiffs' complaint does not demand a dollar amount. (#1-1). The only monetary amount addressed in the complaint is that Defendant Adams is "presently in arrearages in her payments and owes the sum of $5,199.20 to the Hawkins Family Trust and a continuing duty to pay

2

33 1/3% of her monthly widow's benefits."  (#1-1 at ¶ 11).  Thus, as plaintiffs do not aver damages exceeding $75,000, it is defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount of $75,000.

Adams has failed to establish by a preponderance of the evidence that a "continuous duty to pay the heirs 33 1/3% of any benefits she receives *ad infinitum* as long as Defendant Adams lives and receives benefits" is an amount in excess of $75,000.  (#10 at 2).  The current claim is for $5,199.20 representing alleged arrearages.  The balance of the claim is indefinite and speculative and is contingent on how long Adams may live and the amount of the benefits Adams may receive.

Accordingly, plaintiffs' motion to remand (#7) is **GRANTED** and this action is hereby remanded to the Second Judicial District Court of Nevada in and for the County of Washoe.

IT IS SO ORDERED.

DATED: This 31st day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE